

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-25-2006

# USA v. Baek

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3323

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Baek" (2006). *2006 Decisions.* Paper 1040.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1040

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-3323

UNITED STATES OF AMERICA,
                                          Appellant

v.

HYUNG PIL BAEK

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
D.C. Crim. 03-cr-00233
District Judge:  The Honorable Timothy J. Savage

Submitted Under Third Circuit LAR 34.1(a)
May 9, 2006

Before: BARRY, SMITH and ALDISERT, Circuit Judges

(Opinion Filed: May 25, 2006)

OPINION

BARRY, Circuit Judge

        Hyung Pil Baek was sentenced to 24 months' imprisonment by the United States

District Court for the Eastern District of Pennsylvania.  The government appeals.  For the

reasons explained below, we will vacate the sentence and remand for resentencing.

## I.

Baek was charged with one count of conspiracy to unlawfully alter, remove, or tamper with vehicle identification numbers ("VINs"), in violation of 18 U.S.C. § 371, and fourteen counts of possession with intent to sell or otherwise dispose of motor vehicle parts with altered, removed, tampered with, or obliterated VINs, in violation of 18 U.S.C. § 2321(a). In January 2004, Baek entered a plea of guilty. At his change of plea hearing, Baek admitted to being a "large scale seller of stolen automobile parts" beginning in the mid-1980s. (App. at 57, 60.)

A presentence investigation report ("PSR") was prepared. The PSR determined Baek's total offense level to be 27 which, together with a criminal history category of I, resulted in a Guidelines range of 70 to 87 months' imprisonment. At his May 5, 2005 sentencing hearing, Baek objected to the total offense level of 27, which was based on a loss calculation of between $1 million and $2.5 million. *See* U.S. Sentencing Guidelines Manual § 2B1.1(b) (2004). Baek argued that the loss should be set at $50,000, which would result in a total offense level of 17 and a Guidelines range of 24 to 30 months.[1] The District Court was not persuaded, and found that the government "presented

---

[1] The government calculated the loss by identifying every stolen automobile part in Baek's possession, identifying the type of car from which the part was taken, and then adding the entire blue-book value of that make and model of car. Baek objected to this method of calculation, preferring to only include the value of parts that were stolen. He could not, however, provide a basis for setting that figure at $50,000.

sufficient evidence to fix the loss at $1.2 million." (App. at 109.)

The District Court then heard testimony from two of Baek's friends and his wife, as well as from Baek himself, listened to the parties' arguments, and proceeded to discuss sentencing. The Court listed the sentencing factors set forth in 18 U.S.C. § 3553(a), and noted its obligation to consider them when determining the appropriate sentence. It addressed the issue of a possible sentence disparity with respect to Baek's co-defendant, John Butler, who received a sentence of 18 months' imprisonment. The Court noted that Butler was "less culpable and conceivably could have been, if not a victim, a vulnerable individual who was taken advantage of by [Baek.]" (App. at 144.) Along the same lines, the Court explained that it "considered also that [Baek] was an organizer of the operation . . . who enlisted voluntary accomplices, the young, the afflicted, the down and out." (App. at 145.)

The Court also commented on the duration and scale of Baek's criminal conduct, and noted in particular that Baek had continued to engage in criminal activity even "after three search warrants were executed at [his] property, [and it was] obvious that he was the subject of a criminal investigation." (App. at 144.) It characterized Baek as "one of the larger sellers of stolen vehicle parts in the Philadelphia area," and stated that someone who deals in stolen car parts "could be considered one who encourages the original theft." (App. at 145.)

Finally, the Court "note[d] that [Baek] is a family man who loves and cares for his

3

wife and children," but also commented that "Baek had two sides, one of which was a man deeply committed to his church and to his community and particularly his family and friends, and on the other side, he engaged in activity which he knew, without a doubt, was wrong and criminal." (App. at 146.)

The Court then imposed a sentence of 24 months' imprisonment—46 months less than the bottom of the 70 to 87 month Guidelines range. The government appeals the sentence, arguing that it is unreasonably low.[2] We note that the government has withdrawn two other issues it initially raised on this appeal.

## II.

There are two aspects to our evaluation of the reasonableness of a sentence. First, "we must . . . be satisfied the court exercised its discretion by considering the relevant [§ 3553] factors." *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006), *amended by United States v. Cooper*, No. 05-1447, 2006 U.S. App. LEXIS 8075 (3d Cir. April 4, 2006). Although the court need not make explicit findings as to each of the factors, the record must clearly show that "the court took the factors into account in sentencing." *Id.* Second, "we must also ascertain whether those factors were reasonably applied to the

---

[2] We have jurisdiction to review Baek's sentence for reasonableness under 18 U.S.C. § 3742(a)(1). *United States v. Cooper*, 437 F.3d 324, 327 (3d Cir. 2006), *amended by United States v. Cooper*, No. 05-1447, 2006 U.S. App. LEXIS 8075 (3d Cir. April 4, 2006).

circumstances of the case."[3]  *Id.* at 330.

While the District Court adequately considered the § 3553 factors, we simply cannot ascertain whether those factors were reasonably applied to the facts and circumstances of this case, for the Court utterly failed to explain why the dramatic departure it granted from the applicable Guidelines range was warranted.  *Cf. Cooper*, 437 F.3d at 331 (noting that a sentence outside the Guidelines range is more likely to be unreasonable).  Indeed, the Court's comments indicated that a sentence within—perhaps even towards the top of—the Guidelines range would have been appropriate.  Accordingly, although we do not hold that the 24-month sentence imposed in this case is necessarily unreasonable, we will vacate the sentence and remand for resentencing to allow the District Court an opportunity to provide its reasons for believing that a sentence so significantly below the Guidelines range is appropriate in this case.

---

[3] "In doing so, we apply a deferential standard, the trial court being in the best position to determine the appropriate sentence in light of the particular circumstances of the case." *Id.* at 330.